# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MATTHEW LIVERS, | ) | |
| | ) | |
| Plaintiff, | ) | 8:08CV107 |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| EARL SCHENCK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the defendants' motions to stay (Filing Nos. 25 and 31).[1]  The moving defendants each filed briefs (Filing Nos. 26 and 32) in support of the motions.  The plaintiff filed a brief (Filing No. 35) or motion for leave to file a brief (Filing No. 34) in opposition to each motion.  None of the defendants responded to the plaintiff's motion or brief.

In the motions, the defendants seek to stay this case pending a determination, on the merits, of their motions to dismiss (Filing Nos. 23, 27 and 29).  The motions to dismiss were filed on the basis of qualified immunity.[2]  Typically, the court stays discovery and the progression of a case pending the outcome of a dispositive motion based on qualified immunity.  **See _Lovelace v. Delo_, 47 F.3d 286, 287 (8th Cir. 1995)** (Generally, "qualified immunity operates to protect governmental officials from both the burdens of trial and discovery.").   However, the defendants did not reply to the plaintiff's opposition. Additionally, the parties filed a joint planning conference report (Filing No. 40) stating their belief this matter should be progressed for discovery with the case **_Nicholas Sampson v._**

---

[1]As a convenience, this document contains certain cross-document hyperlinks to documents previously filed.  This document also contains links to the Nebraska local rules and legal citation from the federal reporters.  The hyperlinked documents appear in blue unlined text.  Except with regard to the local rules, access to the hyperlinked material is subject to fees pursuant to user agreements. The hyperlinks may be accessed without PACER fees by use of the public computer terminal in the Clerk's office.

[2]The defendants in **_Nicholas Sampson v. Earl Schenck_**, et al., 8:07CV155, filed motions to dismiss based on qualified immunity.  Such motions were substantially similar to the motions filed on behalf of the defendants in this case.  On February 5, 2008, the court denied the motions and held Nicholas Sampson had stated a claim for deprivation of his constitutional rights. **See** Filing No. 51 in case 8:07CV155 - Memorandum and Order.  Although the court has not yet ruled on the motions to dismiss in **_Matthew Livers v. Earl Schenk, et al._**, 8:08CV107, the motions are fully briefed.

***Earl Schenck***, et al., 8:07CV155.   The court agrees.   Although the cases will not be consolidated at this time, a progression order will be entered providing the same schedule as was set in the ***Sampson*** matter.   Upon consideration,

**IT IS ORDERED:**

1.      The defendants William Lambert and Charles O'Callaghan's Motion to Stay (Filing No. 25) is denied.

2.      The Motion to Stay Case Progression by Defendants Earl Schenk, Sandra Weyers, and Cass County, Nebraska (Filing No. 31) is denied.

3.      The plaintiff's Motion for Leave to File the Attached Brief in Opposition to the Lambert and O'Callaghan Motion to Stay (Filing No. 34) is granted. The brief is considered *instanter* and need not be refiled.

DATED this 12th day of June, 2008.

                                                BY THE COURT:


                                                 s/ Thomas D. Thalken
                                                United States Magistrate Judge