# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **MATTHEW LIVERS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **8:08CV107** |
| | ) | |
| **v.** | ) | **ORDER** |
| | ) | |
| **EARL SCHENCK, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

This matter is before the court on the plaintiff's Motion for Hearing on Unresolved Objections to His Notice of Intent to Subpoena Documents from the Cass County Attorney (Filing No. 121). The plaintiff filed an index of evidence (Filing No. 122) in support of the motion. The defendants Earl Schenck (Schenk), Sandra Weyers (Weyers), Cass County Nebraska, and the Cass County Sheriff's Office (collectively Cass County defendants) filed a brief (Filing No. 132) in opposition to the motion. The plaintiff filed a brief (Filing No. 133) in reply. The other defendants, William Lambert (Lambert) and Charles O'Callaghan (O'Callaghan), did not participate in the briefing of the motion.

## BACKGROUND

This case arises from an investigation into the April 17, 2006 murders of Wayne and Sharmon Stock in Murdock, Nebraska. **See** Filing No. 1 Complaint ¶ 1. The plaintiff contends he was targeted as a suspect in the murders, without evidence, because he is the nephew of the victims, mildly mentally retarded, and because the investigators believed the plaintiff had an argument with Wayne Stock. *Id.* ¶¶ 18, 20. The plaintiff alleges the investigation was characterized by police misconduct including coercion of the plaintiff and witnesses, fabrication of evidence, and concealment of exculpatory evidence. *Id.* ¶ 1. In particular, the plaintiff alleges he was coercively interrogated by defendants Lambert, Schenck and O'Callaghan resulting in his false confession given on April 25, 2006. *Id.* ¶ 27. In the confession, the plaintiff implicated his cousin Nicholas Sampson (Sampson). *Id.* ¶ 30. The plaintiff recanted his confession on April 26, 2006. *Id.* ¶ 31. The plaintiff

alleges that as a result of the defendants' unconstitutional tactics false murder charges were filed against the plaintiff resulting in his seven-month incarceration. *Id.* ¶ 1. The plaintiff asserts he has suffered damage to his reputation and psychological trauma which continues to this day. *Id.*

Based on these allegations, the plaintiff filed this action on March 11, 2008, claiming violations of his rights under the Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution, pursuant to 42 U.S.C. § 1983. *Id.* In particular the plaintiff claims the defendant investigators: (a) violated substantive due process by engaging in conscience-shocking interrogation practices and fabrication of evidence (Count I); (b) falsely arrested the plaintiff (Count II); and (c) violated the due process principle of ***Brady v. Maryland***, 373 U.S. 83 (1963) by withholding exculpatory evidence from prosecutors and from the plaintiff's criminal defense counsel (Count III). **See** Filing No. 1 Complaint; Filing No. 121 - Motion p. 1. Relevant to the instant motion, in Count III, the plaintiff claims all of the defendants are liable to him for concealing the plaintiff's April 26, 2006 videotaped interview and legible charts from the polygraph examination administered to the plaintiff on April 25, 2006. **See** Filing No. 1 Complaint ¶ 75. Additionally, the plaintiff alleges there may be additional exculpatory evidence not yet known to him, which is related to Count III. *Id.* Failure to provide this exculpatory evidence resulted in the plaintiff's lengthy and unnecessary incarceration, according to the plaintiff. **See** Filing No. 121 - Motion p. 5.

The defendants include certain Cass County and Nebraska State Patrol investigators who led the investigation into the April 17, 2006 murders. **See** Filing No. 1 Complaint ¶ 1. The defendant Schenck was an investigator in the Cass County Sheriff's Office (CCSO). *Id.* ¶ 5. The defendants Lambert and O'Callaghan were NPS investigators. *Id.* ¶¶ 6-7. Additionally, the plaintiff seeks damages against Cass County, Nebraska, for Cass County's failure to train and supervise the Sheriff's investigator, and the Sheriff's Sergeant who participated in the investigation. *Id.* Wyers was a Sergeant in the CCSO. *Id.* ¶ 8. On June 12, 2008, Lambert and O'Callaghan filed an answer denying liability. **See** Filing No. 44. After the Cass County defendants' motion to dismiss was denied, they filed an answer on September 8, 2008, denying liability. **See** Filing No. 71.

Sampson, who was arrested for the April 17, 2006 murders based on the plaintiff's confession, also filed suit against the defendants. **See** *Nicholas Sampson v. Earl Schenck*, et al., 8:07CV155 - Filing No. 1 Sampson Complaint. On June 30, 2008, the plaintiff's case was consolidated with the Sampson case for purposes of discovery. **See** Filing No. 48. However, on December 29, 2008, these cases were unconsolidated. **See** Filing No. 131.

The defendants filed motions for summary judgment at the outset of discovery based on qualified immunity. **See** Filing Nos. 75 and 78. Despite an objection by the plaintiff, the defendants sought a stay of discovery. However, the court granted the plaintiff leave to conduct discovery limited to the issues raised in the defendants' motions for summary judgment. **See** Filing No. 127 - Dec. 17, 2008 Order. The plaintiff filed the instant motion the day before the court issued its December 17, 2008 order regarding discovery.

Currently, the plaintiff and the Cass County defendants dispute whether the plaintiff is entitled to issue a subpoena on the Cass County Attorney's Office for documents related to the prosecution of the plaintiff and Sampson. On June 30, 2008, the plaintiff issued a notice of intent to subpoena documents from the Cass County Attorney's Office. **See** Filing No. 122 - Ex. A. Specifically, the plaintiff seeks:

> All Documents including pleadings, testimony, police reports, memoranda, logs, photographs, audio tapes, video recordings, correspondence, e-mails, polygraph charts and scoring sheets, or other electronic or documentary materials that were used and/or generated in the course of the prosecution of [Livers] and [Sampson] for the murders of Wayne and Sharmon Stock in Murdock, Nebraska on or about April 17, 2006.
>
> All Documents that comprise, reflect, or record any Communications (in writing, by email, or otherwise) between any Person in the Cass County Prosecutor's Office and: (1) Douglas County, Nebraska Sheriff's Office, Criminal Investigation Bureau; (2) any Person in the Cass County, Nebraska Sheriff's Office; or (3) any Person in the Nebraska State Patrol that refer to or relate to the investigation of the murders of Wayne and Sharmon Stock in Murdock, Nebraska on or about April 17, 2006.

*Id.*

The plaintiff specifically notes he is seeking information which may include evidence logs and/or memoranda regarding the exchange of information between the defendant investigators and the Cass County Attorney's Office.  **See** Filing No. 133 - Reply Brief p. 4.  On July 10, 2008, the Cass County defendants served objections to the plaintiff's notice of intent to subpoena the documents from the Cass County Attorney.  **See**  Filing Nos. 54 & 55 - Certificates of Service.  The Cass County defendants objected to issuance of the subpoena arguing the documents requested are protected from discovery under either the attorney-client privilege or the work-product doctrine.  **See** Filing No. 132 - Brief p. 2-5.  The Cass County defendants contend the privilege arises from the Nebraska Public Records Act (Public Records Act), Neb. Rev. Stat. § 84-712.05(4) and (5), which exempts the documents from discovery.  *Id.* p. 4.  Finally, the Cass County defendants contend the plaintiff's subpoena for documents is duplicative of requests previously served on others, which creates an undue burden on the Cass County Attorney's Office.  *Id.* p. 5-6.  Counsel for the plaintiff and the Cass County defendants conferred with each other about the objections to issuance of the subpoenas through November 25, 2008, however the parties did not reach a resolution.  **See** Filing No. 121 - Motion p. 2.

On December 16, 2008, the plaintiff filed the instant motion seeking an order permitting the issuance of a subpoena for the documents from the Cass County Attorney's Office.  The plaintiff argues the attorney-client privilege does not apply in this context because the investigators were not clients of the Cass County Attorney, nor were they obtaining legal services.  The plaintiff denies he seeks documents containing attorney work-product, but notes such documents should be disclosed in the form of a privilege log.  **See** Filing No. 121 - Motion p. 4; Filing No. 133 - Reply p. 8-9.  The plaintiff contends the Public Records Act is not applicable where the plaintiff, and former accused, seeks the relevant documents in support of 42 U.S.C. § 1983 action.  Finally, rather than being duplicative (or seeking duplicative document production), the plaintiff asserts the information sought is different.  *Id.* p. 4-5.  Specifically, the plaintiff contends the requested documents may show the dates of particular communications between the defendant investigators and the Cass County Attorney.  *Id.* p. 5.  This evidence relates to the

plaintiff's assertion that had the defendant investigators given the exculpatory evidence to the prosecutors earlier, the plaintiff would not have remained incarcerated subject to criminal charges. *Id.* Furthermore, the plaintiff claims the subpoenaed documents are necessary for his response to the defendant's motions for summary judgment where the defendants argue any wrongful prosecution was based on the Cass County Attorney's discretion. *Id.* p. 5-6. In any event, the plaintiff offers to work with the Cass County Attorney's Office to minimize any duplication of production he has already received from other parties. *Id.* p. 6.

### ANALYSIS

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents . . ." Fed. R. Civ. P. 26(b)(1). However, "[t]he District Court does have discretion to limit the scope of discovery." *Credit Lyonnais v. SGC Int'l, Inc.*, 160 F.3d 428, 431 (8th Cir. 1998). To determine if a matter is discoverable, the analysis requires the court to first determine whether the sought discovery is relevant to a claim. Relevance in this instance is limited to the arguments raised in the defendants' motions for summary judgment, based on the court's earlier order limiting discovery. If a matter is relevant, the court must determine if the matter is subject to a privilege precluding discovery, or if the court should otherwise use its discretion to limit discovery on the matter.

### A.    Relevance

Generally, relevant evidence includes "any matter that could bear on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). "Some threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992). "Determinations of relevance in discovery rulings are left to the sound discretion of the trial

court and will not be reversed absent an abuse of discretion." *Hayden v. Bracy*, 744 F.2d 1338, 1342 (8th Cir. 1984).

The Cass County defendants argue the documents sought in the subpoena are not relevant to the defendants' motions for summary judgment because the Cass County Attorney is not listed as a defendant in this matter.  The plaintiff contends the information sought is directly related to the defendants' arguments in the summary judgment motions about the defendants' reliance on the Cass County Attorney's prosecutorial discretion. **See, eg.,** Filing No. 79 - Defendants' Summary Judgment Brief p. 5.  Further, the defendants specifically state they "kept the prosecution team updated on the status of the investigation."  *Id.* p. 19-20.  However, the plaintiff argues, the defendants violated the plaintiff's constitutional rights by failing to timely disclose exculpatory evidence to the Cass County Attorney.  **See** Filing No. 1 - Complaint Count III; Filing No. 133 - Reply Brief p. 1-3.  This failure to disclose made the defendants instrumental in the plaintiff's continued incarceration.  *Id.* p. 2.

The court finds the information sought in the plaintiff's subpoena is relevant to this case and, more narrowly, to the defendants' motions for summary judgment.  The information sought may support (or contradict) the plaintiff's claim alleging the defendants withheld exculpatory evidence from others.  Further, the information sought may support (or contradict) the defendants' argument that they are shielded from liability on the claim by virtue of prosecutorial discretion.  Finding the information sought is relevant, the court now turns to the issue of privilege.

### B.    Privilege

A person opposing production of documents based on privilege or seeking protection for documents which are trial-preparation materials has the burden of establishing the privilege applies.  Fed. R. Civ. P. 45(d)(2)(A).; **see *State ex rel. Stivrins v. Flowers*, 729 N.W.2d 311, 341 (Neb. 2007).**  Specifically, the person asserting privilege "must: (i) expressly make the claim; and (ii) describe the nature of the withheld documents, [or] communications . . . in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim."  Fed. R. Civ. P. 45(d)(2)(A).  Rule

501 of the Federal Rules of Evidence governs privileges in the federal courts.  Generally, privileges are "governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience."  Fed. R. Evid. 501.  While federal common law applies, the parties rely mostly on applicable Nebraska law, which will be addressed below.

The attorney-client privilege is governed by Nebraska statute.  Specifically, "[a] client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client."  Neb. Rev. Stat. § 27-503(3).  Under the statute, client is defined as "a person, public officer, or corporation, association, or other organization or entity, either public or private, who is rendered professional legal services by a lawyer, or who consults a lawyer with a view to obtaining professional legal services from him."  § 27-503(1)(a).  Communications are not confidential if "intended to be disclosed to third persons other than those to whom disclosure is in furtherance of the rendition of professional legal services to the client or those reasonably necessary for the transmission of the communication."  § 27-503(1)(d).  In addition, the Public Records Act allows withholding of "[r]ecords which represent the work product of an attorney and the public body involved which are related to preparation for litigation, labor negotiations, or claims made by or against the public body or which are confidential communications as defined in section 27-503."  Neb. Rev. Stat. § 84-712.05(4).  These principles are the same as the law governing federal privilege analysis.  **See _Diversified Indus., Inc. v. Meredith_, 572 F.2d 596, 609 (8th Cir. 1978)** (en banc).

The Cass County defendants contend an attorney-client privilege exists between the law enforcement investigators and the county attorney.  They argue the county attorney acts on behalf of the county and the state, when filing criminal charges, thus functioning as an arm of the executive branch of government.  **See _Polikov v. Neth_, 699 N.W.2d 802, 808 (2005)**; **see** Neb. Rev. Stat. § 23-1201(1).  A county attorney may also serve as counsel for the governmental entity and its employees.  **See** Neb. Rev. Stat. § 23-1201(2).  Relying on **_Upjohn v. United States_, 449 U.S. 383, 394 (1981),**  the Cass County defendants compare the relationship between the Cass County Attorney and the

investigators to corporate counsel and the corporation's employees.  **See** Filing No. 132 - Brief p. 3.  The Cass County defendants assert public employees, the investigators, were communicating with the Cass County Attorney's Office on matters within the scope of their employment and were aware the communications were being provided to legal counsel for the purpose of obtaining legal advice about criminal charges against the plaintiff.  *Id.*  The Cass County defendants argue the fact that the defendant investigators did not specially retain the Cass County Attorney's Office does not defeat the privilege.  *Id.*  Likewise, the status of the Cass County Attorney's Office as a public servant does not negate privilege.  *Id.* p. 3-4.

The purpose of the attorney-client privilege "is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice."  *Upjohn v. United States*, 449 U.S. 383, 389 (1981).  Unlike the corporate employees communicating with counsel to obtain legal services for the corporation, the defendant investigators cannot be considered clients of the Cass County Attorney's Office under the circumstances present.  The Cass County Attorney's Office does not render legal services to the investigators in the context of pursuing criminal charges against a third-party.  Furthermore, the communications in this context are not the type considered confidential because the communications are intended to be made public by virtue of prosecuting the suspect.  Accordingly, the attorney-client privilege and the Public Records Act , Neb. Rev. Stat. § 84-712.05(4), do not apply.  Therefore, the Cass County defendants' objection to plaintiff's issuance of a subpoena on the basis of attorney-client privilege is overruled.

Another court reached a similar result in *Doubleday v. Ruh* 149 F.R.D. 601, 605-606 (E.D. Cal. 1993).  In *Doubleday*, a suspect sued for wrongful arrest and false prosecution by county sheriff's officers and related claims against the county.  The court held that "the County is unable to assert the privilege on its behalf, and the deputy district attorneys are not 'its lawyers' in the [previous] criminal or [subsequent] civil proceedings." *Doubleday v. Ruh* 149 F.R.D. 601, 605 (E.D. Cal. 1993) (finding no work-product privilege existed for lack of a client relationship).  The *Doubleday* court also relied on the fact that none of the defendants in the subsequent civil action were parties to the previous criminal

matter.  *Id.* at 605-06.  The ***Doubleday*** court allowed discovery including "inventory log indicates that the file contains notes of a prosecutor's conversations with the officers, and his thoughts of these conversations, as well as how they affected his handling of the case." *Id.* at 608.  The court found the plaintiff had a compelling need for the discovery based on her theory of the case and the information was otherwise unavailable to the plaintiff.  *Id.*

Even assuming, however, an attorney-client privilege applied to the documents sought by the plaintiff based on the Cass County defendants being clients who could assert such privilege, the Cass County defendants have waived the privilege by placing the subject of the communications at issue in this lawsuit.  **See** *Pamida, Inc. v. E.S. Originals, Inc.*, 281 F.3d 726, 731-32 (8th Cir. 2002) (finding implied waiver where asserting party had place communication at issue in lawsuit); **see also** *United States v. Bauer*, 551 F.3d 786, 792 (8th Cir. 2008) (privilege waived, however also noting communications not protected when meant for public disclosure in any event).

## C.    Investigatory Records Exception

The Cass County defendants argue the Public Records Act provides an exemption to disclosure of the requested documents because the documents constitute investigation files.  The plaintiff does not respond to this argument other than to dispute whether a case relied upon by the Cass County defendants applies because it pertains to "disclosure under the Nebraska Public Records Act, Neb. Rev. Stat. § 84-712.05, which is not in issue here." **See** Filing No. 133 - Reply Brief p. 6.

The Public Records Act applies to "citizens of [Nebraska], and all other persons interested in the examination of the public records."  Neb. Rev. Stat. § 84-712.  "[P]ublic records include all records and documents . . . belonging to this state, any county, . . . or any agency, branch, [or] department . . . of any of the foregoing."  Neb. Rev. Stat. § 84-712.01.  Public records may be withheld under certain enumerated circumstances and the Public Records Act states in pertinent part:

> The following records, unless publicly disclosed in an open
> court, open administrative proceeding, or open meeting or
> disclosed by a public entity pursuant to its duties, may be
> withheld from the public by the lawful custodian of the records:

* * *

(5)     Records developed or received by law enforcement agencies and other public bodies charged with duties of investigation or examination of persons, . . . when the records constitute a part of the examination, investigation, intelligence information, citizen complaints or inquiries, informant identification, or strategic or tactical information used in law enforcement training . . .

Neb. Rev. Stat. § 84-712.05.

Records are "disclosed" within the meaning of this section only where "a public body has, in its official capacity, already made [the records] available to the general public." *State ex rel. Neb. Health Care Ass'n v. Dep't of Health & Human Serv. Fin. & Support*, 587 N.W.2d 100, 108 (Neb. 1998).

It appears the Cass County defendants refer to Neb. Rev. Stat. § 84-712.05 only for the general proposition that Nebraska recognizes limited protection for "the work product of government attorneys and communications to and from a government attorney by investigating law enforcement agencies should be protected from public view."  **See** Filing No. 132 - Brief p. 4.  Specifically, the Nebraska Supreme Court held that when the information requested consists of records in the possession of the Attorney General's Office concerning an investigation and prosecution of the requester, such information is excluded from review, by subsection 5 of the Public Records Act, § 84-712.05.  **See** *State ex rel. Sileven v. Spire*, 500 N.W.2d 179, 183 (1993) (Sileven).  In *Sileven*, the requester was facing federal criminal charges and sought documents from the Attorney General's Office related to an investigation into related violations of state law.  *Id.* at 181-82.  The *Sileven* court determined the requested file did not consist of discoverable criminal history materials as defined under state statue, Neb. Rev. Stat. § 29-3506.  *Id.* at 183.  *Sileven* is distinguishable form the case at bar because the plaintiff here is no longer facing criminal charges of any kind.  The plaintiff is challenging the underlying criminal investigation, not as a defendant, but by raising federal claims under 42 U.S.C. § 1983.  Since this is a federal question case rather than a diversity case, the action is predicated on federal law, embodying federal policies.  After consideration of the federal and state interests and other

10

factors involved in this matter, the court finds the investigatory records exception is inapplicable. **See** *Jones v. City of Indianapolis*, 216 F.R.D. 440, 443-44 (S.D. Ind. 2003) (listing ten factors for consideration in balancing the public interest in protecting police investigations against the needs of civil rights plaintiffs).

In any event, it is the Cass County defendants' burden to show a privilege exists to protect documents under the state statute. However, the Cass County defendants have failed to show the investigation information sought by the plaintiff has not previously been disclosed. In fact, the Cass County defendants specifically do argue much of the information sought is discoverable from a source other than the Cass County Attorney's Office. **See** Filing No. 132 - Brief p. 5. If there are previously undisclosed documents, it remains the Cass County defendants' burden to show such documents fall under the protection of the statute. The Cass County defendants have failed to meet the burden with respect to the communications at issue. Accordingly, the Cass County defendants objection based on the investigatory records exception is overruled.

### D.   Duplicative Documents

"A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena." Fed. R. Civ. P. 45(c)(1). The Cass County defendants contend the plaintiff previously issued numerous subpoenas and has obtained "thousands of pages of records from the named defendants and hundreds of hours of dvds and cds containing the same information [currently] requested." **See** Filing No. 132 - Brief p. 5. The Cass County defendants argue the plaintiff has no need to review duplicate copies of discovery, the production of which would be a burden on the Cass County Attorney's Office. *Id.* The plaintiff acknowledges there may be some overlap, however the plaintiff's counsel offers to assist in narrowing the scope of documents to only those not previously produced. **See** Filing No. 133 - Reply Brief p. 4.

The Cass County defendants fail to meet their burden of showing the proposed subpoena would impose an undue burden or expense on the Cass County Attorney's Office. However, as the plaintiff admits, there is no reason for the plaintiff to obtain

identical documents from more than one source.  The court will not limit the scope of the subpoena based on the possibility there may be some duplication, however counsel shall confer to minimize the burden and expense of production by the Cass County Attorney's Office.  Upon consideration,

**IT IS ORDERED:**

1.      The plaintiff's Motion for Hearing on Unresolved Objections to His Notice of Intent to Subpoena Documents from the Cass County Attorney (Filing No. 121) is granted.

2.      The plaintiff may issue a subpoena to the Cass County Attorney for documents as requested.

### ADMONITION

Pursuant to NECivR 72.2 any appeal of this Order shall be filed with the Clerk of the Court within ten (10) business days after being served with a copy of this Order.  Failure to timely appeal may constitute a waiver of any objection to the Order.  The brief in support of any appeal shall be filed at the time of filing such appeal.  Failure to file a brief in support of any appeal may be deemed an abandonment of the appeal.

DATED this 9th day of February, 2009.

                                        BY THE COURT:

                                         s/Thomas D. Thalken
                                        United States Magistrate Judge