## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MATTHEW LIVERS, | ) | |
| | ) | |
| Plaintiff, | ) | 8:08CV107 |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| EARL SCHENCK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the Motion to Quash Plaintiff's Deposition Notice (Filing No. 136) or in the Alternative Motion for Protective Order (Filing No. 138) filed by the defendants Cass County, Earl Schenck (Schenck), and Sandra Weyers (Weyers) (collectively Cass County defendants).  The Cass County defendants filed a brief (Filing No. 139) and a reply brief (Filing No. 148) in support of the motion.  The plaintiff filed a brief (Filing No. 140) in opposition to the motion.  The other defendants, William Lambert (Lambert) and Charles O'Callaghan (O'Callaghan), did not participate in the briefing of the motion.

## BACKGROUND

This case arises from an investigation into the April 17, 2006 murders of Wayne and Sharmon Stock in Murdock, Nebraska.  **See** Filing No. 1 Complaint ¶ 1.  The plaintiff contends he was targeted as a suspect in the murders, without evidence, because he is the nephew of the victims, mildly mentally retarded, and because the investigators believed the plaintiff had an argument with Wayne Stock.  *Id.* ¶¶ 18, 20.  The plaintiff alleges the investigation was characterized by police misconduct including coercion of the plaintiff and witnesses, fabrication of evidence, and concealment of exculpatory evidence.  *Id.* ¶ 1.  In particular, the plaintiff alleges he was coercively interrogated by defendants Lambert, Schenck and O'Callaghan resulting in his false confession given on April 25, 2006.  *Id.* ¶ 27.  During the confession, the plaintiff implicated his cousin Nicholas Sampson (Sampson).  *Id.* ¶ 30.  The plaintiff recanted his confession on April 26, 2006.  *Id.* ¶ 31.

The plaintiff alleges that, as a result of the defendants' unconstitutional tactics, false murder charges were filed against the plaintiff causing his seven-month incarceration.  *Id.* ¶ 1.  The plaintiff asserts he has suffered damage to his reputation and psychological trauma which continues to this day.  *Id.*

Based on these allegations, the plaintiff filed this action on March 11, 2008, claiming violations of his rights under the Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution, pursuant to 42 U.S.C. § 1983.  *Id.*  In particular the plaintiff claims the defendant investigators: (a) violated substantive due process by engaging in conscience-shocking interrogation practices and fabrication of evidence (Count I); (b) falsely arrested the plaintiff (Count II); and (c) violated the due process principle of ***Brady v. Maryland***, 373 U.S. 83 (1963) by withholding exculpatory evidence from prosecutors and from the plaintiff's criminal defense counsel (Count III).  **See** Filing No. 1 Complaint; Filing No. 121 - Motion p. 1.  Failure to provide the exculpatory evidence resulted in the plaintiff's lengthy and unnecessary incarceration, according to the plaintiff.

The defendants include certain Cass County and Nebraska State Patrol (NSP) investigators who led the investigation into the April 17, 2006 murders.  **See** Filing No. 1 Complaint ¶ 1.  The defendant Schenck was an investigator in the Cass County Sheriff's Office (CCSO).  *Id.* ¶ 5.  The defendants Lambert and O'Callaghan were NSP investigators.  *Id.* ¶¶ 6-7.  Additionally, the plaintiff seeks damages against Cass County, Nebraska, for Cass County's failure to train and supervise the Sheriff's investigator, and the Sheriff's Sergeant who participated in the investigation.  *Id.*  Wyers was a Sergeant in the CCSO.  *Id.* ¶ 8.  On June 12, 2008, Lambert and O'Callaghan filed an answer denying liability.  **See** Filing No. 44.  After the Cass County defendants' motion to dismiss was denied, they filed an answer on September 8, 2008, denying liability.  **See** Filing No. 71.

Sampson, who was arrested for the April 17, 2006 murders based on the plaintiff's confession, also filed suit against the defendants.  **See** ***Nicholas Sampson v. Earl Schenck***, et al., 8:07CV155 - Filing No. 1 Sampson Complaint.  On June 30, 2008, the plaintiff's case was consolidated with the Sampson case for purposes of discovery.  **See** Filing No. 48.  However, on December 29, 2008, these cases were unconsolidated.  **See** Filing No. 131.

2

The defendants filed motions for summary judgment at the outset of discovery based on qualified immunity. **See** Filing Nos. 75 and 78. Despite an objection by the plaintiff, the defendants sought a stay of discovery. However, the court granted the plaintiff leave to conduct discovery limited to the issues raised in the defendants' motions for summary judgment. **See** Filing No. 127 - Dec. 17, 2008 Order.

On February 9, 2009, the court issued an order related to the plaintiff's intent to issue a subpoena for documents from the Cass County Attorney. **See** Filing No. 137. The February 9, 2009 Order allowed the plaintiff leave to issue a subpoena to the Cass County Attorney for documents as requested. **Id.** p. 12. The order was not appealed.

On February 18, 2009, the Cass County defendants filed the instant motion (Filing No. 138) seeking to quash a deposition notice (Filing No. 136) filed by the plaintiff giving notice of his intent to take video depositions of Nathan Cox who is the Cass County Attorney and William Lambert who is a defendant in this matter. The movants do not seek to quash the notice as it relates to Lambert. Specifically, the Cass County defendants contend the evidence sought through a deposition of Cox would not be relevant to the issues raised in the motion for summary judgment because Cox is not a party to this case and his decisions, as the sole decision maker, are protected by prosecutorial discretion. Additionally, the Cass County defendants assert the information sought may be protected under the attorney work-product doctrine. Further, the Cass County defendants argue the information sought regarding exculpatory **Brady** evidence is immaterial to this case because the plaintiff had no right to such evidence prior to dismissal of the criminal charges against him. Thus, the Cass County defendants contend the plaintiff's **Brady** claims should be dismissed as a matter of law. In any event, the Cass County defendants state the plaintiff had the so-called **Brady** evidence prior to the criminal case dismissal. For these reasons, the Cass County defendants argue discovery on the **Brady** claim undermines the purpose of the qualified immunity defense. In the alternative, the Cass County defendants seek a protective order limiting the deposition by excluding any evidence which is subject to the attorney work-product doctrine including Cox's notes, communications with witnesses, research, etc. Additionally, the Cass County defendants contend any questioning about events which took place after April 26, 2006, the date of the

3

plaintiff's recantation, would exceed the scope of discovery limited by the court's December 17, 2008 Order to matters raised in the motion for summary judgment.

In response, the plaintiff contends the evidence sought is relevant to the arguments made by the Cass County defendants in their motion for summary judgment. Specifically, the plaintiff argues Cox may provide evidence related to whether the Cass County defendants were instrumental in the decision to bring or continue criminal charges against the plaintiff. Cox may have information about when and to what extent certain evidence was presented to him by the Cass County defendants. The plaintiff does not assert the Cass County defendants altered or usurped Cox's role as the prosecutor, entitled to prosecutorial discretion. Accordingly, the evidence is relevant to the defense that these defendants are shielded from liability for their actions based on Cox's prosecutorial discretion. Additionally, the plaintiff contends that even if his Fifth Amendment claim based on the Self Incrimination Clause were foreclosed, the potential evidence is relevant to his Fourteenth Amendment claim based on substantive due process. The substantive due process claim applies both to the circumstances surrounding the alleged improper interrogation tactics and treatment of evidence in the criminal matter. Relevant to the substantive due process claims, the plaintiff states he intends to question Cox about:

> the extent to which his exercise of prosecutorial authority was influenced by these defendants. Specifically, . . . [Cox's] reasons for filing criminal charges against Plaintiff, the reasons those charges were maintained after following the exculpatory DNA findings, and the information that the investigators provided – and did not provide – to [Cox] while the criminal case was pending.

**See** Filing No. 140 - Brief p. 6. In any event, the plaintiff contends discovery regarding concealed exculpatory evidence related to Claim III under ***Brady v. Maryland***, 373 U.S. 83 (1963), remains relevant but is only a subset of the discovery sought related to Claim I, discussed above. Therefore, the plaintiff argues the court need not determine the merits of Claim III or the merits of the Cass County defendants' arguments. Further, the plaintiff argues the Cass County defendants' attack on the ***Brady*** claim is fact intensive and requires discovery about the disputed sufficiency and timing of the defendants' disclosures of exculpatory evidence. Finally the plaintiff admits he was not prejudiced during a trial for

lack of the *Brady* evidence, but contends he was required to litigate a suppression motion and remained incarcerated due to the failure of timely disclosure.  The plaintiff opposes entry of a protective order limiting discovery during the deposition beyond the bounds imposed by the attorney work-product doctrine and the court's previous orders.  The plaintiff maintains evidence subsequent to the events on April 26, 2006, are relevant and discoverable in this matter.

## ANALYSIS

The Cass County defendants seek to quash the deposition at issue on two bases. First, the Cass County defendants rely on Fed. R. Civ. P. 45(c)(3).  Under Rule 45(c)(3), and relevant  here, the court may quash or modify a subpoena which requires disclosure of privileged matter or subjects a person to undue burden.  *Id.*  The court need not reach the issue of privilege or burden, however, unless the information sought is discoverable pursuant to Fed. R. Civ. P. 26.  Accordingly, the court will address the Cass County defendants' second argument first.

Second, the Cass County Defendants seek a protective order pursuant to Fed. R. Civ. P. 26(c), arguing the information sought exceeds the limits previously imposed on discovery.  An order protecting disclosure or discovery is granted only upon a showing of good cause.  See Fed. R. Civ. P. 26(c).  The party moving for the protective order has the burden to demonstrate good cause for issuance of the order.  *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 926 (8th Cir. 1999). In order to make the requisite showing of good cause, the moving party must make "a particular and specific demonstration of fact, as distinguished from stereotype and conclusory statements."  *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981) (**quoting** 8 C. Wright & A. Miller, Federal Practice & Procedure § 2035, p. 265 (1970)); *Miscellaneous Docket Matter*, 197 F.3d at 926.  Thus, for good cause to exist, the parties seeking protection must show that specific prejudice or harm will result if no protective order is granted.  See *Frideres v. Schiltz*, 150 F.R.D. 153, 156 (S.D. Iowa 1993).  The prejudice or harm protected by Rule 26(c) includes "annoyance, embarrassment, oppression, or undue burden or expense."  *Crawford-El v. Britton*, 523 U.S. 574, 599

(1998). "Such determination must also include a consideration of the relative hardship to the non-moving party should the protective order be granted." *General Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973) (**citing** *United States v. Kordel*, 397 U.S. 1, 4-5 (1970)). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984); *Roberts v. Shawnee Mission Ford, Inc.*, 352 F.3d 358, 362 (8th Cir. 2003).

As a starting point, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents . . ." Fed. R. Civ. P. 26(b)(1). However, "[t]he District Court does have discretion to limit the scope of discovery." *Credit Lyonnais v. SGC Int'l, Inc.*, 160 F.3d 428, 431 (8th Cir. 1998). To determine if a matter is discoverable, the analysis requires the court to first determine whether the sought discovery is relevant to a claim. Relevance in this instance is limited to the arguments raised in the defendants' motions for summary judgment, based on the court's earlier order limiting discovery. If a matter is relevant, the court must determine if the matter is subject to a privilege precluding discovery, or if the court should otherwise use its discretion to limit discovery on the matter.

Generally, relevant evidence includes "any matter that could bear on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). "Some threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992). "Determinations of relevance in discovery rulings are left to the sound discretion of the trial court and will not be reversed absent an abuse of discretion." *Hayden v. Bracy*, 744 F.2d 1338, 1342 (8th Cir. 1984).

The Cass County defendants argue the information sought by the plaintiff cannot be relevant to the defendants' motions for summary judgment because the Cass County Attorney is not listed as a defendant in this matter. The plaintiff contends the information

6

sought is directly related to the defendants' arguments in the summary judgment motions about the defendants' reliance on the Cass County Attorney's prosecutorial discretion. **See, e.g.,** Filing No. 79 - Defendants' Summary Judgment Brief p. 5. Further, the defendants specifically state they "kept the prosecution team updated on the status of the investigation." *Id.* p. 19-20. However, the plaintiff alleges the defendants violated the plaintiff's constitutional rights by failing to timely disclose exculpatory evidence to the Cass County Attorney. **See** Filing No. 1 - Complaint Counts I and III; Filing No. 133 - Reply Brief p. 1-3. This failure to disclose made the defendants instrumental in the plaintiff's continued incarceration. *Id.* p. 2.

At this time, the court will not rule on the legal sufficiency of the claims contained in the plaintiff's complaint. Relevancy is not only limited to the claims in the parties' pleadings, but to the boundaries previously imposed by the court stemming from the pending summary judgment motions. The court finds the information sought by the plaintiff from Cox is relevant to this case and, more narrowly, to the defendants' motions for summary judgment. The information sought is relevant to the plaintiff's claims alleging the defendants withheld exculpatory evidence from others. Similarly, the information sought is relevant to the defendants' argument that they are shielded from liability on the claims by virtue of prosecutorial discretion. The plaintiff does not seek Cox's opinion with regard to the legality of the plaintiff's interrogation, nor is such information relevant to either the plaintiff's complaint or the defendants' dispositive motions. The court need not, and cannot, evaluate the moving defendants' assertion of the attorney work-product doctrine in the abstract. To the extent the issue was not fully determined in the court's February 9, 2009 Order, the court will address specific issues when raised during, or subsequent to, Cox's deposition. The moving defendants do not argue Cox's deposition would impose any undue burden. Accordingly, the court finds the moving defendants have failed to show a privilege or burden requires the court to quash Cox's deposition notice. Upon consideration,

**IT IS ORDERED:**

Cass County defendants' Motion to Quash Plaintiff's Deposition Notice (Filing No. 136) or in the Alternative Motion for Protective Order (Filing No. 138) is denied.

**ADMONITION**

Pursuant to NECivR 72.2 any appeal of this Order shall be filed with the Clerk of the Court within ten (10) business days after being served with a copy of this Order.  Failure to timely appeal may constitute a waiver of any objection to the Order.  The brief in support of any appeal shall be filed at the time of filing such appeal.  Failure to file a brief in support of any appeal may be deemed an abandonment of the appeal.

DATED this 3rd day of April, 2009.

BY THE COURT:

 s/Thomas D. Thalken
 United States Magistrate Judge