IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MATTHEW LIVERS, | ) | |
| | ) | |
| Plaintiff, | ) | 8:08CV107 |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| EARL SCHENCK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the plaintiff's Motion for Leave to File an Amended Complaint Adding Parties (Filing No. 158). The plaintiff filed the proposed amended complaint (Filing No. 158 Ex. 1), a brief (Filing No. 159), and an Indictment (Filing No. 159-2) in support of the motion. The current defendants filed a brief (Filing No. 161) and an index of evidence (Filing No. 162) in opposition to the motion. The plaintiff filed a brief (Filing No. 166) in reply.

## BACKGROUND

This case arises from an investigation into the April 17, 2006, murders of Wayne and Sharmon Stock in Murdock, Nebraska. **See** Filing No. 1 - Complaint ¶ 1. The plaintiff contends he was targeted as a suspect in the murders, without evidence, because he is the nephew of the victims, mildly mentally retarded, and because the investigators believed the plaintiff had an argument with Wayne Stock. *Id.* ¶¶ 18, 20. The plaintiff alleges the investigation was characterized by police misconduct including coercion of the plaintiff and witnesses, fabrication of evidence, and concealment of exculpatory evidence. *Id.* ¶ 1. In particular, the plaintiff alleges he was coercively interrogated by defendants William Lambert (Lambert), Earl Schenck (Schenck), and Charles O'Callaghan (O'Callaghan) resulting in his false confession given on April 25, 2006. *Id.* ¶ 27. During the confession, the plaintiff implicated his cousin Nicholas Sampson (Sampson). *Id.* ¶ 30. The plaintiff recanted his confession on April 26, 2006. *Id.* ¶ 31. The plaintiff alleges that, as a result of the defendants' unconstitutional tactics, false murder charges were filed against the

plaintiff causing his seven-month incarceration.  *Id.* ¶ 1.  The plaintiff asserts he has suffered damage to his reputation and psychological trauma which continues to this day.  *Id.*

Based on these allegations, the plaintiff filed this action on March 11, 2008, claiming violations of his rights under the Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution, pursuant to 42 U.S.C. § 1983.  *Id.*  In particular the plaintiff claims the defendant investigators: (a) violated substantive due process by engaging in conscience-shocking interrogation practices and fabrication of evidence (Count I); (b) falsely arrested the plaintiff (Count II); and (c) violated the due process principle of ***Brady v. Maryland***, 373 U.S. 83 (1963) by withholding exculpatory evidence from prosecutors and from the plaintiff's criminal defense counsel (Count III).  **See** Filing No. 1 - Complaint; Filing No. 121 - Motion p. 1.  The plaintiff alleges the failure to provide exculpatory evidence resulted in the plaintiff's lengthy and unnecessary incarceration. The plaintiff also asserts claims for conspiracy to violate the plaintiff's rights (Count IV) and failure to intervene (Count V).  **See** Filing No. 1 - Complaint p. 22-24.

The defendants include certain Cass County and Nebraska State Patrol (NSP) investigators who led the investigation into the April 17, 2006, murders, based on their individual conduct.  **See** Filing No. 1 - Complaint ¶ 1.  Additionally, the plaintiff seeks damages against Cass County, Nebraska, for Cass County's failure to train and supervise the Sheriff's investigator and the Sheriff's Sergeant who participated in the investigation.  *Id.*  The defendant Schenck was an investigator and the defendant Sandra Wyers was a Sergeant in the Cass County Sheriff's Office (CCSO).  *Id.* ¶¶ 5, 8.  The defendants Lambert and O'Callaghan were NSP investigators. *Id.* ¶¶ 6-7.  On June 12, 2008, Lambert and O'Callaghan filed an answer denying liability.  **See** Filing No. 44.  After the Cass County defendants' motion to dismiss was denied, they filed an answer on September 8, 2008, denying liability.  **See** Filing No. 71.

Sampson, who was arrested for the April 17, 2006, murders based on the plaintiff's confession, also filed suit against the defendants.  **See *Nicholas Sampson v. Earl Schenck***, et al., 8:07CV155 - Filing No. 1 Sampson Complaint.  On June 30, 2008, the plaintiff's case was consolidated with the Sampson case for purposes of discovery.  **See**

Filing No. 48.  However, on December 29, 2008, these cases were unconsolidated.  **See** Filing No. 131.

At the outset of discovery, the defendants filed motions for summary judgment based on qualified immunity.  **See** Filing Nos. 75 and 78.  The parties have engaged in discovery limited to the issues raised in the defendants' motions for summary judgment.  **See** Filing No. 127 - Dec. 17, 2008 Order.  The plaintiff's response to the defendants' motions for summary judgment is due July 15, 2009.  **See** Filing No. 165 (Text Only).

On June 12, 2008, the court entered a progression order setting the deadline of September 3, 2008, for the plaintiff to amend the complaint or add parties.  **See** Filing No. 43.  The court has not imposed a discovery deadline in this case.  Similarly, this case has not yet been scheduled to trial.

On April 27, 2009, the plaintiff filed the instant motion to amend.  **See** Filing No. 158. The plaintiff seeks to amend the complaint to add three additional defendants: Commander David Kofoed of the Douglas County Sheriff's Office (DCSO) Crime Scene Investigation Division (Commander Kofoed), Douglas County Sheriff Tim Dunning (Sheriff Dunning), and the County of Douglas County, Nebraska.  The plaintiff contends the timing of the motion to amend is due to the recent, April 22, 2009, indictment of Commander Kofoed by the U.S. Attorney's Office.  The Indictment alleges Commander Kofoed deprived the plaintiff of his civil rights with actions taken by Commander Kofoed during the course of the Stocks' homicide investigation.  **See** Filing No. 1 in Case 8:09CR142 (Count I). Commander Kofoed's conduct relates to the collection, storage, and reporting of blood evidence implicating the plaintiff in the homicides.  The plaintiff's proposed amendments add Commander Kofoed, Sheriff Dunning, and Douglas County to claims previously asserted against the other defendants based on Commander Kofoed's alleged conduct. The plaintiff also seeks to add Sheriff Dunning and Douglas County based on their alleged policies of failing to supervise, control and discipline employees.  The plaintiff's proposed amended complaint does not assert any new causes of action separate from those previously alleged against the current defendants.  The plaintiff argues he could not have brought claims against the proposed defendants any earlier because the allegations are based on discovery, including a deposition of Commander Kofoed in February 2009,

obtained after the deadline to amend pleadings had passed. The plaintiff states the defendants caused delays in discovery that contributed to the delay in seeking to add the proposed defendants. After receipt of the pertinent discovery, the plaintiff states he consulted with a qualified expert to determine whether he should allege the claims.

The plaintiff further contends the proposed amendments, if allowed, would not unduly prejudice the current defendants because the claims against all defendants overlap. The plaintiff argues that rather than undue prejudice, the claims are the "inevitable result of the slow unraveling of the conspiracy to convict the Plaintiff of a crime he did not commit." **See** Filing No. 166 - Reply Brief p. 3-4. In any event, the plaintiff argues evidence of Commander Kofoed's conduct is relevant to the current defendants' motions for summary judgment, thus the defendants will be required to "contend" with the evidence even if the motion to amend were denied. Finally, the plaintiff asserts granting the motion to amend will likely result in greater discovery efficiency, rather than delay and duplicate efforts. The plaintiff states the parties have conducted only limited discovery here, and duplication, if any, would be minimal. The current defendants would still likely be involved in the same discovery if the plaintiff were to proceed against the proposed defendants in a separate lawsuit.

The defendants argue the plaintiff cannot show good cause for the delay in seeking to add Commander Kofoed. The defendants note the plaintiff was aware of Commander Kofoed's involvement in the investigation at the time of filing the complaint as evidenced by its reference to him. **See** Filing No. 1 - Complaint ¶ 34. Similarly, on June 30, 2008, the plaintiff identified Commander Kofoed of the DCSO as a person with knowledge of the police investigation and the handling of evidence during the investigation of the Stocks' murders. Additionally, the defendants identified the DCSO's crime scene investigation division as an entity with knowledge about the homicide investigation. In November 2008, the plaintiff received documents related to Commander Kofoed's work on the homicide investigation. Accordingly, the defendants contend the plaintiff was aware of the identity of the proposed defendants well in advance of filing the motion to amend, but is only now seeking to add the parties because of Commander Kofoed's recent federal criminal indictment.

The defendants also assert they would suffer undue prejudice if the plaintiff were given leave to add parties. Specifically, the defendants argue they have invested time and resources preparing voluminous discovery and motions for summary judgment. The defendants contend they will suffer additional burdens by responding to the new allegations (or distinguishing the conduct of the current and proposed defendants) and providing discovery to the new parties. For this reason, the defendants suggest the plaintiff should be responsible for the costs of the first motion for summary judgment. Additionally, the current defendants argue the proposed defendants would be disadvantaged for not having had an opportunity to participate in the same extensive discovery activities conducted to date by the parties. Further, the defendants oppose any lengthy delay which may be created by adding parties. Finally, the defendants argue adding parties will unduly complicate the issues in the context of the plaintiff's claims and case progression. The defendants suggest the plaintiff file a separate lawsuit related to the proposed defendants.

## ANALYSIS

Under Federal Rule of Civil Procedure 15, a court should grant leave to amend freely "when justice so requires." However, "denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *Amrine v. Brooks*, 522 F.3d 823, 833 (8th Cir. 2008) (internal quotation and citation omitted). The party opposing the amendment has the burden of demonstrating the amendment would be unfairly prejudicial. *Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001); **see** *Hanks v. Prachar*, 457 F.3d 774, 775 (8th Cir. 2006). There is no absolute right to amend. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008). Whether to grant a motion for leave to amend is within the sound discretion of the district court. *Popoalii v. Correctional Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008). "If a party files for leave to amend outside of the court's scheduling order, the party must show cause to modify the schedule." *Id.* (**citing** Fed. R. Civ. P. 16(b)). Additionally, the court may consider whether the "late tendered amendments involve new theories of recovery and impose additional discovery requirements." *Id.*

As an initial matter, the court finds the plaintiff has shown good cause for filing the motion to amend beyond the deadline imposed earlier by the court. The plaintiff has diligently sought discovery related to the current claims, including discovery from and about the proposed defendants. The plaintiff brought the motion to amend shortly after deposing one of the proposed defendants and investigating whether an amendment would be legally justified. The timing of Commander Kofoed's indictment does not detract from the plaintiff's showing that he did not engage in undue delay.

In contrast, the defendants have failed to sustain their burden of showing unfair prejudice. The parties will have ample time to complete any necessary discovery as deadlines have not yet been imposed. The defendants fail to show their discovery obligations would be materially different by adding the proposed defendants in comparison with a separate lawsuit. Similarly, the discovery, conducted since the defendants filed their motions for summary judgment, impacts those motions regardless of adding the proposed defendants. Because the claims against these defendants do not change in the amended complaint, the resources the defendants used preparing their motions for summary judgment were not squandered. Finally, any delay occasioned by the introduction of the proposed defendants would not likely be alleviated by denying the plaintiff's motion to amend. The issues involving the proposed defendants remain intertwined with plaintiff's claims against the current defendants such that the proposed defendants would continue to affect the progression of this case, in whichever capacity the proposed defendants are implicated.

The court will not determine the merits of the plaintiff's claims at this time. However, the plaintiff has shown good cause to allow the untimely amendment. Moreover, the proposed amendments are related to the current claims, and will not significantly delay the case or impact discovery requirements. Upon consideration,

**IT IS ORDERED:**

The plaintiff's Motion for Leave to File an Amended Complaint Adding Parties (Filing No. 158) is granted. The plaintiff shall have to **on or before June 12, 2009**, to file the Amended Complaint.

**ADMONITION**

Pursuant to NECivR 72.2 any appeal of this Order shall be filed with the Clerk of the Court within ten (10) business days after being served with a copy of this Order.  Failure to timely appeal may constitute a waiver of any objection to the Order.  The brief in support of any appeal shall be filed at the time of filing such appeal.  Failure to file a brief in support of any appeal may be deemed an abandonment of the appeal.

DATED this 2nd day of June, 2009.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge
