**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| MATTHEW LIVERS, | ) | |
| | ) | |
| Plaintiff, | ) | 8:08CV107 |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| EARL SCHENCK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the plaintiff's Motion for Leave to File a Second Amended Complaint (Filing No. 226). The plaintiff filed the proposed amended complaint (Filing No. 227 - Ex. 1), in support of the motion. Defendants Tim Dunning, and Douglas County, Nebraska filed an objection to the motion at Filing No. 228. Defendant David Kofoed filed an objection to the motion at Filing No. 230. The plaintiff filed a brief in reply Filing No. 234).

**BACKGROUND**

This background of this case was fully set forth in the court's Order dated January 2, 2009, granting the plaintiff's first leave to file an amended complaint (Filing No. 167) and shall not be restated herein.

According to the plaintiff's motion for leave to file a Second Amended Complaint (Filing No. 226), plaintiff's counsel recently took the depositions of Defendant Tim Dunning (Dunning) and Douglas County CSI forensic scientist, C.L. Retelsdorf (Retelsdorf). **See** Filing No. 226 ¶ 2. Plaintiff's counsel states that Dunning and Retelsdorf provided testimony indicating Douglas County and Dunning failed to train David Kofoed (Commander of the Douglas County Sheriff's Crime Scene Investigation Division) and other Douglas County CSI investigators regarding the duty to disclose exculpatory evidence under ***Brady v. Maryland***, 373 U.S. 83 (1963). **Id.** Plaintiff cites *City of Canton, Ohio v. Harris* (489 U.S. 378 (1989)) for the proposition that a governmental entity may be liable under 42 U.S.C. § 1983 if the plaintiff can show the entity's failure to provide the

necessary training for an employee to meet his constitutional obligations proximately caused the plaintiff's deprivation. **Id.** at ¶ 3. Plaintiff's proposed Second Amended Complaint sets forth new allegations that the plaintiff's constitutional rights were violated as a result of Douglas County and Dunning failing to provide CSI investigators training regarding the duty to disclose exculpatory evidence. **Id.** at ¶ 4. Additionally, the plaintiff claims the defendants will not be unduly prejudiced by the filing of the Second Amended Complaint because no new parties are added, and it does not in any way alter the legal theories on which plaintiff relies in this litigation. **Id.** at ¶ 6. Further, no additional Fed.R.Civ.P. 26(a)(1) witnesses will be disclosed with the filing of the Second Amended Complaint. **Id.** Finally, the plaintiff filed the motion within six weeks of learning the information on which the new allegations are based, which the plaintiff feels demonstrates counsel has not unduly delayed in seeking leave to amend his complaint. **Id.** at ¶ 7. The plaintiff requests the court to grant him leave to file a Second Amended Complaint pursuant to Fed.R.Civ.P. 15(a)(2) which provides that a court should freely grant leave to amend a complaint "when justice so requires." **Id.** at ¶ 5.

Defendants Tim Dunning and Douglas County, Nebraska filed an objection to plaintiff's motion (Filing No. 228). Defendant Kofoed also filed an objection to plaintiff's motion (Filing No. 230). The objections are nearly identical and will be consolidated here for discussion purposes. The defendants argue that plaintiff's request is beyond the time allotted for amendments of pleadings in the court's original (Filing No. 43) and modified (Filing No. 182) progression orders. **See** Filing No. 228, ¶ 1. Additionally, defendants argue that plaintiff failed to filed a brief in support of his motion as required by NE.Civ.R. 7.0.1(a)(1) due to the fact that the motion raises a substantive issue of law as to the application of *Brady*. **Id.** at ¶ 2. Finally, the defendants claim plaintiff's proposed amendment must fail because Eighth Circuit precedent is clear that *Brady* and it's progeny do not apply to plaintiff's pre-trial detention. **Id.** at ¶ 3.

In reply, the plaintiff notes that the first progression order was issued almost one year before the court granted plaintiff's motion for leave to file an amended complaint adding Douglas County, Dunning, and Kofoed as defendants to the lawsuit. **See** Filing No. 167 - Order; Filing No. 234 - Reply, p. 1. Plaintiff's First Amended Complaint adding those

parties was not filed until June 10, 2009 (Filing No. 169) and since that time the court has not set a new deadline for amendment of the pleadings.  **See** Filing No. 234, p. 1.  The proposed second amended complaint sets forth new allegations concerning Douglas County and Dunning's failure to provide training to CSI investigators.  **Id.**  Accordingly, the plaintiff argues he should not be held to the September, 2008 deadline if the parties to whom the new allegations relate were not added as defendants until June, 2009.  **Id.** at 2.  Finally, the plaintiff argues that if the defendants wish the challenge the legal sufficiency of plaintiff's *Brady* argument, the issue can be fully briefed to the court for consideration.  **Id.**

## ANALYSIS

Under Federal Rule of Civil Procedure 15, a court should grant leave to amend freely "when justice so requires."  Fed.R.Civ.P. 15(a)(2).  However, "denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party."  *Amrine v. Brooks*, 522 F.3d 823, 833 (8th Cir. 2008) (internal quotation and citation omitted).  The party opposing the amendment has the burden of demonstrating the amendment would be unfairly prejudicial.  *Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001); **see** *Hanks v. Prachar*, 457 F.3d 774, 775 (8th Cir. 2006).  There is no absolute right to amend.  *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008).  Whether to grant a motion for leave to amend is within the sound discretion of the district court.  *Popoalii v. Correctional Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008).  "If a party files for leave to amend outside of the court's scheduling order, the party must show cause to modify the schedule."  *Id.* (**citing** Fed. R. Civ. P. 16(b)).  Additionally, the court may consider whether the "late tendered amendments involve new theories of recovery and impose additional discovery requirements."  *Id.*

The court finds the plaintiff has shown good cause for filing the second motion to amend.  In the course of discovery, plaintiff has learned the actions of the defendants may be the source of additional claims under 42 U.S.C. § 1983.  The plaintiff brought the present motion within approximately six weeks of undertaking the depositions of defendants Dunning and Douglas County CSI forensic scientist, Retelsdorf, which the court

finds is a reasonable amount of time and did not subject the defendants to undue delay. In contrast, the defendants have failed to sustain their burden of showing unfair prejudice. The plaintiff has added no new parties and the amended complaint does not alter the legal theories on which the plaintiff relies in this litigation. The claims against the defendants in the proposed second amended complaint do not substantially alter the resources the defendants will use in preparing for this case. Additionally, the court agrees the *Brady* issue is not one which requires briefing on the current motion, the applicability of which can be briefed to the court for later consideration.

The court will not determine the merits of the plaintiff's claims at this time. However, the plaintiff has shown good cause to allow the amendment. Moreover, the proposed amendments are related to the current claims, and will not significantly delay the case or impact discovery requirements. Upon consideration,

**IT IS ORDERED:**

The plaintiff's Motion for Leave to File a Second Amended Complaint (Filing No. 226) is granted. The plaintiff shall have to **on or before April 8, 2010**, to file the Second Amended Complaint.

### ADMONITION

Pursuant to NECivR 72.2 any appeal of this Order shall be filed with the Clerk of the Court within fourteen (14) business days after being served with a copy of this Order. Failure to timely appeal may constitute a waiver of any objection to the Order. The brief in support of any appeal shall be filed at the time of filing such appeal. Failure to file a brief in support of any appeal may be deemed an abandonment of the appeal.

DATED this 31st day of March, 2010.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge