IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MATTHEW LIVERS, | ) | |
| | ) | |
| Plaintiff, | ) | 8:08CV107 |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| EARL SCHENCK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the plaintiff's Motion for Leave to File Amended Complaint (Filing No. 342) and the defendants' motions to stay progression of the case pending resolution of an appeal (Filing Nos. 352, 355, and 357). The motions have been fully briefed by the parties.

BACKGROUND

This case arises from an investigation into the April 17, 2006, murders of Wayne and Sharmon Stock in Murdock, Nebraska. **See** Filing No. 1 - Complaint ¶ 1. The plaintiff contends he was targeted as a suspect in the murders, without evidence, because he is the nephew of the victims, mildly mentally retarded, and because the investigators believed the plaintiff had an argument with Wayne Stock. *Id.* ¶¶ 18, 20. The plaintiff alleges the investigation was characterized by police misconduct including coercion of the plaintiff and witnesses, fabrication of evidence, and concealment of exculpatory evidence. *Id.* ¶ 1. In particular, the plaintiff alleges he was coercively interrogated by certain defendants resulting in his false confession given on April 25, 2006. *Id.* ¶ 27. During the confession, the plaintiff implicated his cousin, Nicholas Sampson (Sampson).[1] *Id.* ¶ 30. The plaintiff recanted his confession on April 26, 2006. *Id.* ¶ 31. The plaintiff alleges that, as a result of the defendants' unconstitutional tactics, false murder charges were filed against the plaintiff causing his seven-month incarceration. *Id.* ¶ 1. The plaintiff asserts he has

---

[1] Sampson, who was arrested for the April 17, 2006, murders based on the plaintiff's confession, also filed suit against the defendants. **See** *Nicholas Sampson v. Earl Schenck*, et al., 8:07CV155 - Filing No. 1 Sampson Complaint. Currently, Sampson's case is stayed.

suffered damage to his reputation and psychological trauma which continues to this day. *Id.* Based on these allegations, the plaintiff filed this action on March 11, 2008, claiming violations of his rights under the Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution, pursuant to 42 U.S.C. § 1983. *Id.*

In this case, the court's initial progression order set a deadline of September 3, 2008, for the plaintiff to amend the complaint or add parties. **See** Filing No. 43. No party has sought an extension of that deadline. However, on June 10, 2009, with leave of court the plaintiff filed an amended complaint adding allegations that the plaintiff's pretrial incarceration was prolonged as a result of evidence tampering and three additional defendants: David Kofoed of the Douglas County Sheriff's Office Crime Scene Investigation Division, Douglas County Sheriff Tim Dunning, and the Douglas County, Nebraska. **See** Filing No. 169. On April 2, 2010, with leave of court, the plaintiff filed a second amended complaint to include factual allegations relating to these defendants. **See** Filing No. 238.

On February 11, 2011, the court entered a final progression order scheduling this case to trial on November 14, 2011. **See** Filing No. 338. However, on March 28, 2011, the court denied several of the defendants' motions for summary judgment based on qualified immunity. **See** Filing No. 340. On April 13, 2011, the plaintiff filed the instant motion to amend. **See** Filing No. 342. Shortly thereafter, many of the defendants filed notices of interlocutory appeal and motions to stay progression of this case pending resolution of the appeals.

Under Fed. R. Civ. P. 16(b) a progression order schedule "may be modified only for good cause." Fed. R. Civ. P. 16(b)(4); **see** *Bradford v. DANA Corp.*, 249 F.3d 807, 809-10 (8th Cir. 2001). "In demonstrating good cause, the moving party must establish that the 'scheduling deadlines cannot be met despite a party's diligent efforts.'" *Thorn v. Blue Cross & Blue Shield of Fla., Inc.*, 192 F.R.D. 308, 309 (M.D. Fla. 2000) (paraphrasing Fed. R. Civ. P. 16 advisory committee notes (1983 amend.)). Moreover, "if the reason for seeking the amendment is apparent before the deadline and no offsetting factors appear, the Rule 16 deadline must govern." *Financial Holding Corp. v. Garnac Grain Co.*, 127 F.R.D. 165, 166 (W.D. Mo. 1989). In addition to the good cause

requirement, "on motion made after the time has expired," the court may extend time "if the party failed to act because of excusable neglect."  **See** Fed. R. Civ. P. 6(b)(1)(B).

### A.    Motion to Amend

In support of the plaintiff's Motion for Leave to File Amended Complaint (Filing No. 342), the plaintiff filed the proposed amended complaint (Filing No. 342 - Ex. 1) and a brief (Filing No. 343).  The defendants William Lambert and Charles O'Callaghan filed an objection (Filing No. 354) and the defendants Earl Schenck, Sandy Weyers, and Cass County, Nebraska, filed a brief (Filing No. 356) in opposition to the motion.  The plaintiff filed a brief (Filing No. 360) in reply.

At this time, the plaintiff seeks to amend the complaint to add a claim that the defendants Schenk, Lambert, O'Callaghan, and Cass County violated the plaintiff's Fifth Amended privilege against self-incrimination when they coerced the plaintiff into confessing to murder, then used the confession against him in court.  **See** Filing No. 342 - Motion p. 2.  The plaintiff notes a split has developed in the circuit courts about whether the facts of this case support such a claim and the plaintiff seeks to preserve his claim while presenting all legitimate theories for recovery in this case.  *Id.*  The plaintiff argues the new claim does not add any new factual allegations or necessitate any additional discovery.  *Id.* at 1.  The plaintiff further contends the proposed amendment, if allowed, would not unduly prejudice the defendants because the claim overlaps with another claim against the same defendants.  *Id.* at 2.  The plaintiff argues good cause exists to allow the amendment out of time based on the importance of the proposed claim and the complete lack of prejudice to the defendants.  **See** Filing No. 343 - Brief p. 6 n.1.

The defendants argue an amendment is untimely, futile, and would cause undue prejudice and future delay.  With respect to futility, the defendants contend that if the issue is currently unsettled in the circuits, a clearly established right could not have existed at the time of the plaintiff's arrest.  Additionally, the defendants argue this court has lost jurisdiction to resolve the plaintiff's motion until the pending appeals are resolved.

In reply, the plaintiff argues the proposed amendment is not futile because the circuit split about the viability of the claim is not regarding whether the defendants' conduct

violated the plaintiff's rights, as the conduct has "long been prohibited under United States Supreme Court precedent." **See** Filing No. 360 - Reply at 3. Rather, the law is not yet clear about when the alleged interrogation misconduct ripened into an actionable Fifth Amendment violation. *Id.* at 4. Further, the plaintiff contends the defendants failed to show any unwarranted delay or undue prejudice would result from the amendment. *Id.*

Under Federal Rule of Civil Procedure 15, a court should grant leave to amend freely "when justice so requires." However, "denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *Amrine v. Brooks*, 522 F.3d 823, 833 (8th Cir. 2008) (internal quotation and citation omitted). The party opposing the amendment has the burden of demonstrating the amendment would be unfairly prejudicial. *Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001); **see** *Hanks v. Prachar*, 457 F.3d 774, 775 (8th Cir. 2006). There is no absolute right to amend. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008). Whether to grant a motion for leave to amend is within the sound discretion of the district court. *Popoalii v. Correctional Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008). The court may consider whether the "late tendered amendments involve new theories of recovery and impose additional discovery requirements." *Id.* However, a motion to amend should be denied on the merits "only if it asserts clearly frivolous claims or defenses." *Gamma-10 Plastics, Inc. v. Am. President Lines,* 32 F.3d 1244, 1255 (8th Cir. 1994) (quotations and citations omitted). Further, "likelihood of success on the new claim or defense is not a consideration for denying leave to amend unless the claim is clearly frivolous" "or legally insufficient on its face." *Becker v. Univ. of Neb.*, 191 F.3d 904, 908 (8th Cir. 1999); *Sokolski v. Trans Union Corp.*, 178 F.R.D. 393, 396 (E.D.N.Y. 1998) (citation omitted). "The party opposing such amendment ha[s] the burden of establishing that leave to amend would be . . . futile." *Sokolski*, 178 F.R.D. at 396 (citations omitted). As noted above, "[i]f a party files for leave to amend outside of the court's scheduling order, the party must show cause to modify the schedule." *Popoalii*, 512 F.3d at 497 (**citing** Fed. R. Civ. P. 16(b)).

As an initial matter, the court finds the plaintiff fails to show good cause or excusable neglect for filing the motion to amend well beyond the deadline imposed earlier

by the court. This case was initially filed on March 11, 2008, and the plaintiff has already amended the complaint on two separate occasions. The plaintiff admits the proposed claim is unrelated to any new factual allegations. The plaintiff proposed the amendment after the court issued a ruling on the defendants' previously filed motions for summary judgment based on qualified immunity, decreasing the defendants' opportunity to challenge the new claim. The plaintiff provides no explanation or justification for the timing of the proposed amendment. Further, the plaintiff admits the proposed claim is substantially related to another claim. Since the proposed claim is so related, the matter bears on and will likely be affected by resolution of the current appeal proceeding. Under the circumstances, the timing of the plaintiff's motion suggests the plaintiff engaged in undue delay in bringing the proposed claim, which if allowed would result in undue prejudice to the defendants. Accordingly, the motion to amend is denied.

### B.  Motions to Stay

There are three motions to stay before the court: the defendants Tim Dunning and Douglas County's (collectively Douglas County defendants) Motion to Stay Proceedings and Vacate Progression Order (Filing No. 352); the defendants William Lambert and Charles O'Callaghan's Motion to Vacate Progression Order and Stay Case Progression (Filing No. 355); and the defendants Earl Schenck, Sandy Weyers, and Cass County, Nebraska's (collectively Cass County defendants) Motion to Vacate Progression Order and Stay Case Progression (Filing No. 357). The Douglas County defendants filed a brief (Filing No. 353) and the Cass County defendants filed a brief (Filing No. 358) in support of their respective motions. The plaintiff filed a brief (Filing No. 363), with a copy of his motion to dismiss the appeal as an attached exhibit, in opposition to the motions to stay.

The defendants argue that maintaining the progression deadlines in this matter would create an undue burden on the defendants. Specifically, the defendants contend the briefing deadlines for the appeals, including the June 1, 2011, opening brief deadline, conflict with deadlines in this matter. Additionally, the defendants assert the decision on the appeal, which extends to all of the plaintiff's claims, may narrow or eliminate the issues before this court. Any discovery or progression of this matter while the appeal is pending

would prejudice the defendants and potentially result in repetitive discovery or other proceedings and undermine the purpose of the qualified immunity defense.  The defendants argue their appeals are not frivolous based on case law from the United States Supreme Court and Eighth Circuit Court of Appeals.  Moreover, the defendants contend the appeals were not filed for any dilatory purpose.  Finally, a related case, **Nicholas Sampson v. Earl Schenck, et al.**, Case No. 8:07CV155, has been stayed pending resolution of substantially similar issues on appeal.

> The Eighth Circuit Court of Appeals has
>
>> held that "'[a] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously,'" and that the filing of a notice of appeal "'confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'" *United States v. Ledbetter*, 882 F.2d 1345, 1347 (8th Cir. 1989) (**quoting** *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam)).  Once a notice of appeal has been filed in a case in which there has been denial of a summary judgment motion raising the issue of qualified immunity, the district court should then stay its hand.  Jurisdiction has been vested in the court of appeals and the district court should not act further.  If the appeal is utterly lacking in merit and for the purpose of delay only, this court may take appropriate action.
>
> *Johnson v. Hay*, 931 F.2d 456, 459 n.2 (8th Cir. 1991).

The plaintiff admits "there is no basis to oppose the request for a stay of proceedings during the pendency of the appeals."  **See** Filing No. 363 - Response p. 1.  However, the plaintiff seeks to maintain the November 14, 2011, trial date.  *Id.*  The plaintiff notes he has filed a motion to dismiss the appeal for lack of jurisdiction and he asserts resolution of his motion will likely be in advance of the November trial date.  *Id.* at 1-2.  Therefore, the plaintiff suggests the court postpone vacating the current trial setting until the court of appeals resolves the plaintiff's motion to dismiss the appeal.

The court finds good cause exists to vacate the prior deadlines, including the trial setting.  The timing of the appeal process is uncertain and, even if the appeals are handled quickly, many of the previously scheduled deadlines will necessarily be later than originally anticipated.  The court will not hold the current trial date.  However, the court will make

every effort to schedule trial as soon as is practicable upon conclusion of the appeal process in the interest of all concerned.  Upon consideration,

**IT IS ORDERED:**

1. The plaintiff's Motion for Leave to File Amended Complaint (Filing No. 342) is denied.

2. William Lambert and Charles O'Callaghan's objection (Filing No. 354) is sustained.

3. Tim Dunning and Douglas County's Motion to Stay Proceedings and Vacate Progression Order (Filing No. 352) is granted.

4. William Lambert and Charles O'Callaghan's Motion to Vacate Progression Order and Stay Case Progression (Filing No. 355) is granted.

5. Earl Schenck, Sandy Weyers, and Cass County, Nebraska's Motion to Vacate Progression Order and Stay Case Progression (Filing No. 357) is granted.

6. The February 11, 2011, progression order (Filing No. 338) is vacated.  The case deadlines including the scheduled pretrial conference and trial are canceled.  The plaintiff's deadline to object to this order, pursuant to NECiVR 72.2, as it relates to the motion to amend is stayed.

7. The parties shall have **fourteen (14) days** from the date the Eighth Circuit Court of Appeals issues a mandate on the defendants' appeals, in which to schedule a telephone planning conference with the court.  Counsel for the plaintiff shall contact the chambers of the undersigned magistrate judge within such time period to schedule the telephone planning conference.

DATED this 13th day of May, 2011.

BY THE COURT:

 s/ Thomas D. Thalken
 United States Magistrate Judge