IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MATTHEW LIVERS,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>EARL SCHENCK, Cass County Sheriff's Investigator, et al.; WILLIAM LAMBERT, Nebraska State Patrol Investigator; CHARLES O'CALLAGHAN, Nebraska State Patrol Investigator; SANDRA WEYERS, Cass County Sheriff's Sergeant; COUNTY OF CASS, Nebraska; DAVID KOFOED, Commander of the Douglas County Sheriff's Office Crime Scene Investigation Division; TIM DUNNING, Sheriff of Douglas County; and COUNTY OF DOUGLAS, NEBRASKA,<br><br>　　　　　　Defendants. | 8:08CV107<br><br><br>MEMORANDUM AND ORDER |

　　　　This matter is before the court on:

　　　　**1.　　Filing No. 617 — defendants Lambert's and O'Callaghan's objection to an order of the magistrate judge (Filing No. 592)**

　　　　The objection is directed to the magistrate judge's ruling on a matter involving discovery materials from Nicholas Sampson, the plaintiff in the case of *Sampson v. Lambert*, No. 8:07CV155, which was formerly consolidated with this case. The cases are no longer consolidated and the *Sampson v. Lambert* case has been stayed pending resolution of this case. Accordingly, the motion will be denied as moot.

　　　　**2.　　Filing No. 627 — plaintiff's motion in limine to exclude references to false allegations of inappropriate touching of minors**

　　　　The plaintiff alleges the probative value of the evidence is outweighed by potential prejudice. Defendants contend that the evidence is relevant to show that the

plaintiff had been in a recent and emotional dispute with the Stocks, whose murder investigation is the issue in this action.

Although the motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings, performing a gatekeeping function and sharpening the focus for later trial proceedings, some evidentiary submissions cannot be evaluated accurately or sufficiently by the trial judge in such a procedural environment. *Jonasson v. Lutheran Child and Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997). A motion in limine is appropriate for "evidentiary submissions that clearly ought not be presented to the jury because they clearly would be inadmissible for any purpose." *Id.* In other instances, it is necessary to defer ruling until during trial, when the trial judge can better estimate the impact of the evidence on the jury. *Id.* To the extent that a party challenges the probative value of the evidence, an attack upon the probative sufficiency of evidence relates not to admissibility but to the weight of the evidence and is a matter for the trier of fact to resolve. *United States v. Beasley*, 102 F.3d 1440, 1451 (8th Cir. 1996).

The court is unable to evaluate the relevance of the challenged evidence in the context of a pretrial motion. The court is inclined to believe that the evidence may be relevant as to the reasonableness of or motivation for the defendants' actions, but the court cannot assess the relative balance of its relevance to the danger of prejudice at this juncture. The court will admit the evidence at issue only on a showing that it is relevant to the issues in the case, and only to the extent that the relevance of the evidence outweighs its potential to cause prejudice or confusion under Fed. R. Evid. 403.

The plaintiff's concerns may warrant a cautionary or limiting instruction, but the court cannot determine the ambit of such an instruction at this time. The court finds the motion can be adequately resolved at trial, either in a hearing immediately prior to commencement of the trial, as an objection with a sidebar, or with a review of the evidence outside the presence of the jury. The defendants are cautioned to approach the bench before eliciting any such testimony. Accordingly, the court finds that the motion in limine should be overruled at this time, without prejudice to its reassertion via timely objection to the admissibility of such evidence at trial.

3. **Filing No. 634 — plaintiff's motion in limine to exclude references to a prior ruling of the Cass County District Court on a motion to suppress in *State v. Sampson*, No. CR06-55**

The plaintiff asserts that the evidence is flagrantly prejudicial and would be afforded undue weight by the jury by virtue of the fact that the findings were made by a judge. Defendants assert that the evidence is relevant to show that a neutral third party reviewed the evidence and deemed it adequate.

The court agrees with the plaintiff that the introduction of judicial opinions generally has the potential to confuse the jury and conflicts with the court's responsibility to instruct on the law. See *United States v. Willis*, 277 F.3d 1026, 1033 (8th Cir. 2002) (finding no error in exclusion of prior judicial decisions), to *Greycas, Inc. v. Proud*, 826 F.2d 1560, 1567 (7th Cir.1987).

4. **Filing No. 657 – defendants Lambert's and O'Callaghan's objection to the magistrate judge's order denying their motion to refer the case to mediation (Filing No. 656)**

The magistrate judge denied the defendants Lambert's and O' Callaghan's motion for an order referring the case to mediation. After hearing both sides, the

magistrate judge agreed that counsel's time in this matter would be better spent preparing for trial. The defendants' statement of objections does not suggest that the magistrate judge was misinformed of the facts and circumstances herein. The court agrees with the magistrate judge that forced mediation would be of little utility in this case, especially this close to trial. Accordingly,

IT IS ORDERED:

1. Defendants Lambert's and O'Callaghan's objection to an order of the magistrate judge (Filing No. 617) is denied as moot.

2. The plaintiff's motion in limine to exclude references to false allegations of inappropriate touching of minors (Filing No. 627) is denied without prejudice to reassertion at trial.

3. The plaintiff's motion in limine to exclude references to a prior ruling of the Cass County District Court on a motion to suppress in State v. Sampson, No. CR06-55 (Filing No. 634) is granted.

4. Defendants Lambert's and O'Callaghan's objection to the magistrate judge's order denying their motion to refer the case to mediation (Filing No. 657) is overruled.

Dated this 8th day of October, 2013.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge